*MHW*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**RECEIVED**

MAR 25 2008 *aew*

3-25-2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

United States of America ex rel. )
)
Matthew Echevarria )
(Full name and prison number) )
(Include name under which convicted) )
)
PETITIONER )
)
vs. )
)
Thomas McCann )
)
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
)
RESPONDENT, and )
)
(Fill in the following blank **only** if judgment )
attacked imposes a sentence to commence )
in the future) )
)
ATTORNEY GENERAL OF THE STATE OF )
)
)
(State where judgment entered) )

**08CV1730**

**JUDGE GOTTSCHALL**

**MAG. JUDGE ASHMAN**

Case Number of State Court Conviction:

99-CR-19635

## PETITION FOR WRIT OF HABEAS CORPUS — PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Circuit court of Cook County

2. Date of judgment of conviction: 2-18-02

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   First Degree Murder

4. Sentence(s) imposed: 50 years imprisonment

5. What was your plea? (Check one)  (A) Not guilty ( X )
   (B) Guilty ( )
   (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
   N/A

## PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury ( χ )        Judge only (   )

2. Did you testify at trial?    YES (X)        NO      (   )

3. Did you appeal from the conviction or the sentence imposed? YES ( χ )   NO (  )

   (A) If you appealed, give the

       (1) Name of court:  Appellate court first district,6th division

       (2) Result:  affirmance of judgement

       (3) Date of ruling:  3-31-04

       (4) Issues raised:   see attached page 2(a)



   (B) If you did not appeal, explain briefly why not:

               N/A

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (χ )      NO (  )

   (A) If yes, give the

       (1) Result   Denied leave to file PLA

       (2) Date of ruling:     10-6-04

       (3) Issues raised:  defendant denied due process & equal protection

           under the law when the court instructed the jury that those jury

           members who took notes during the trial may not show those notes *

   (B) If no, why not:  N/A

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes (  )   No ( X)

   If yes, give (A) date of petition:      N/A      (B) date *certiorari* was denied:      N/A



        * to any of the jurors during the jury deliberation process.

2

attached page 2(a)

## ISSUES RAISED ON DIRECT APPEAL

1. Whetehr defendant's motion in arrest of judgement should have been allowed because counts 1and2 of the indictment at bar are void for duplicity.

2. Whetehr defendant was denied due process and equal protection under the law when the court instructed the jury that those jury members who take notes during the trial may not show those notes to any of the other jurors during deliberation proceedings.

3. Whetehr defendant was denied a fair trial by the prejudicial impact of multiple trial errors.

   i. The State may not seek to arouse sympathy by comments upon the decedents family.

   ii. Defendant was denied a fair trial by reason of improper testimony elicited from officer Loquercio.

   iii. Defendant was denied a fair trial when the State introduced evidence that defendant was previously arrested.

   iv. Improper personal opinions of the police invaded the province of the jury,and deprived the defendant of due process,equal protection,the right to confront,and a fair trial.

   v. Further improper personal opinions of the police deprived defendant of a fair trial.

   vi. The cumulative impact of the numerous instances of prejudicial error requires a new trial.

4. Whether defendant's sentence is excessive and was imposed on the basis of improper consideration,such that the sentence should be vacated and a new sentencing hearing ordered,or in the alternative the sentence reduced.

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (x)   NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A.   Name of court:   Circuit court of Cook County

B.   Date of filing:   3-30-05

C.   Issues raised:   see attached page 3(a)

D.   Did you receive an evidentiary hearing on your petition?   YES ( )   NO (x)

E.   What was the court's ruling?   dismissed as frivilous and patently without merit.

F.   Date of court's ruling:   4-12-05

G.   Did you appeal from the ruling on your petition?   YES (x)   NO ( )

H.   (a) If yes,   (1) what was the result?   Affirmed dismissal,mittimus amended *

           (2) date of decision:   6-22-07

    (b) If no, explain briefly why not:   N/A

I.   Did you appeal, or seek leave to appeal this decision to the highest state court?

    YES (X) NO ( )

    (a) If yes,   (1) what was the result?   Denied leave to file PLA

            (2) date of decision:   10-26-07 No.105032

    (b) If no, explain briefly why not:   N/A

* judgement modified. No.1-05-1762.

attached page 3(a)

## ISSUES RAISED IN FIRST
## POST CONVICTION PETITION

1. Pre trial detention violated 4th amendment U.S.C when he wasn't taken before a magistrate before passage of 48 hours.

2. Trial court erred when it prohibited counsel from arguing evidence in cross-examination of a witness.

3. Trial counsel was ineffective for failing to raise 48 hour violation error.

4. Appellate counsel was ineffective for failing to raise ineffective assitance of trial counsel.

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus? YES ( X )   NO ( )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding     successive post conviction petition

      2. Date petition filed            _____

      3. Ruling on the petition       _____

      3. Date of ruling              _____

      4. If you appealed, what was the ruling on appeal?     _____

      5. Date of ruling on appeal   _____

      6. If there was a further appeal, what was the ruling ?     _____

      7. Date of ruling on appeal   _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
      YES ( )   NO (X)

   A. If yes, give name of court, case title and case number:    N/A _____

_____

   B. Did the court rule on your petition? If so, state

      (1) Ruling:     N/A _____

      (2) Date:     _____

**4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES ( X )   NO ( )

If yes, explain:    Successive post conviction petition pending in State court.

_____

4

## PART III — PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one _____ see attached 5 (a)-(c) _____

Supporting facts (tell your story briefly without citing cases or law):

Whetehr defendants motion in arrest of judgement should have

been allowed because counts 1and2 of the indictment at bar are void

for duplicity.

(B) Ground two _____ see attached 5(d)-( f) _____

Supporting facts:

Whether the defendant was denied due process and equal protection

under the law when the circuit judge instructed the jury that those

jury members who took notes during the trial may not show those

notes to any of the other jurors during deliberations.

5

The petitioner avers that this claim was originally raised in the petitioners direct appeal. The adjudication of this claim resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law as determined by the supreme court of the United States. and resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings.

The State court is not entitled to to a presumption of correctness on this mixed question of fact and law. Furthermore,the petitioner rebuts the States courts presumption of correctness where it hinged its basis for its ruling stating that the charging instrument apprized the defendant of the precise offense charged against him with sufficient specifity to prepare his defense, appellate decision page 12.

However,when a defendant challenges the sufficiency of the indictment,he does not have to show actual prejudice,but may obtain relief if the indictment does not strictly adhere to statutory and constitutional authority.

The standard requiring the showing of actual prejudice applies onl;y ton those challenges made for the first time on appeal. However, here the petitioner made a motion in arrest of judgement at the trial level originally,Tr.C151.

The State court decision does not rest on independant and adequate State grounds,where duplicity renders an indictment void and a conviction upon a charge not made violates due process...

The adjudication of the claim in State court resulted in a decision that was contrary to,or involved an unreasonableapplication of law as established by the Supreme court,where it is held that a court cannot permit a defendant to be tried on charges not made in the indictment against him.

The petitioner avers that the standard of review is de novo. The petitioner further alleges that both counts 1and2 of the indictment at bar are void for duplicity,TR.C22-23. Where the indictment uses the disjunctive "or" to join disparate & alternative acts, the performance of anyone of which constitutes the offense, the

indictment is void for duplicity.

Count 1 of the indictment states that the defendant committed
first degree murder in that he,without lawful justification,
"intentionally or knowingly" shot and killed the deceased,citing
720 ILCS 5/9-1(a)(1) which provides that a person committs first
degree murder,if in performing the acts which cause the death,
(1) he either intends to kill or do great bodily harm to that
individual or another,or knows that such acts will cause death to
that individual or another.

The 2nd count of the indictment at bar, that the defendant
committed first degree murder in that he shot and killed the
deceased knowing that such shooting created a strong possibility
of death or great bodily harm to the deceased.

The petitioner avers that where the indictment uses the
disjunctive "or" to join disparate and alternative acts,the
performance of any one which constitutes the offense,the indictment
is void for duplicity.

An indictment cannot charge an accused with committing disparate
and alternate acts. Illinois courts rationale for the rule is
that the "use of the disjunctive under these circumstances causes
uncertainty and conjecture as to which of the alternatives the
accused is charged with committing" as is the case here...

Because count 1 of the indictment here uses the disjunctive
"or" to join the disparate and alternative acts of intentional
murder and knowing murder,either one of which constitutes the
offense,count 1 is void for duplicity.

The statue is clear "intentional" murder,and"knowing" murder
are seperate offenses. Henceforth proof of one may not be proof o
of the other.

The petitioner avers that count 1 of his indictment is void
where as it does not set forth the nature and elements of the
charges with the certainty as required by the Federal Constitution
6th amendment,as well as the Illinois State constitution.

The petitioner further avers that count 2 of the indictment is
void for duplicity,where as it states the defendant committed
first degree murder in that he shot and killed the deceased
knowing that such shooting created a strong probability of death
or great bodily harm to the deceased.

In the context of criminal law,due process the "nature" and the elements of an offense are distinguishable concepts,both of which must be set forth in a charging instrument.

All elements essential to the proof of a crime must be charged in an indictment. The use of the disjunctive under these circumstances causes uncertainty and conjecture as to which of the alternatives the defendant is charged with committing.

The petitioner further alleged that count 2 of the indictment is void because it does not set forth the nature and elements of the charge with certainty required by federal constitution.

In the adjudication of this claim in State court the petitioner proffered examples highlighting the disparate and alternative aspects of the charging instrument.

A knowing act creating a strong probability of death and a knowing act which creates a strong probabilty of great bodily harm are disparate acts any of which constitutes the offense.

In one instance,the defendants conviction had been overturned where the State failed to establish that the defendant who had shot the victim had"inflicted"great bodily harm" as required as an aggravated battery conviction because the evidence established that the bullet had only grazed the victim without even drawing blood,People v Watkins 611 NE2d 1125.

In People v Howard,the evidence showed that the defendant had sounded his car horn and then fired shots through a kitchen window,supported that the defendant fired the gun with the intent to kill the complaintant,and defendants attampt murder conviction was affirmed eventhough noone was struck(People v Howard 78 Ill.app.3d 858).

It is a well established principle of Illinois law that proof of an act created strong probability of death,may be different from proof that an act created a strong probability of great bodily harm.

The petitioner avers that he was not put on certainty as to that which he is accused,to comport with due process of law and the U.S.C and Illinois Const.. Notice in a criminal case,is the indictment. Duplicity renders the indictment void.

CLAIM 2 cont'd, attached 5(d)

In the instant case,the petitioner avers that the adjudication of this claim in State court proceedings resulted in a decision that was contrary to/or involved an unreasonable application of federal law as determined by the supreme court of the U.S..

The adjudication of this claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings...

The petitioner further raised this claim on direct appeal and in the Illinois supreme court in his PLA.. It should be noted that the petitioner raised this claim of ineffective assistance of trial counsel for failing to file a timely objection and properly preserve this issue in a post trial motion for a new trial.

The petitioner avers that the State courts are not entitled to a presumption of correctness on this question of law,and that de novo review is required.

The petitioner rebuts the State's court presumption of correctness with clear and convincing evidence. In that the appellate court held that the issue is waived(page    of appellate court decision). The appellate court further completely misapplied the law by citing jury instruction 1.05 & 725 ILCS 5/115-4(n) as rationale in denying the petitioner relief.

While in fact,nothing in IPI 1.05 or section 5/115-4(n) addresses the issue at hand. The petitioner further avers that the State court's decision to deny the petitioner relief does not rest on independant and adequate State grounds.

The petitioner points to a state court decision which establishes that the State court decision rest on neither independant,nor adequate grounds, People v strong 653 NE2d 938 the First District appellate court held that the statue allowing note taking was mandatory, and prohibiting jurors from taking notes was an error 1995.

In People v Childs 159 Ill.2d 217, it was held that it is axiomatic that the privacy of jury deliberations should be zealously protected (1994).

The petitioner further alleges that the appellate courts holding
that this issue is waived,does not rest on independant nor
adequate State grounds,where as the Strong's court held that "the
waiver rule is relaxed when a trial judges conduct is at issue
and the basis for the objection"...

The petitioner also avers that by this claim being raised under
the umbrella of ineffective assistance of trial counsel. The issue
was properly put forth on direct appeal and properly exhausted in
State court.

The petitioner further alleges that as per the anti-terrorism
effective death penalty act, that the adjudication of this claim
resulted in a decision that is contrary to federal law as
established by the U.S. Supreme court...

The 6th amendment right to a trial by jury"guarantees to the
criminally accused a fair trial by a panel of impartial and
indifferent jurors,citing Turner V Louisianan 379 U.S. 466, Irvin
v Dowd 366 U.S. 717, a trial judge may not interfere with,nor even
inquire into the deliberations process itself. The discussion
or thoughts or votes of the jurors, U.S. v DiDomenico 78 F.3d 294,
302(7th cir.)

The petitioner alleges that the judges instruction was <u>not</u>
an Illinois Pattern Instruction. Nowhere in IPI 1.05 does it state
that jurors cannot show jurors their notes. IPI 1.05 provides as
follows;

> those of you who took notes during trial may use your
> notes to refresh your memory during jury deliberations.
> Each juror should rely on his or her recollection of
> the evidence. Just because a juror has taken notes does
> not necessarily mean that his or her recollection of the
> evidence is any better or more accurate than the recollection
> of a juror who did not take notes. when you are
> discharged from further service in this case,your notes
> will be collected by the deputy and destroyed. Throughout
> the process,your notes will remain confidential and
> no one will be allowed to see them."

It should be noted that the confidentiality spoke upon according
to the plain language refers to the collection and destruction of
said notes by the deputies.

Yet, the jury was told that they may not show those notes to

any other jurors during the deliberations proceedings. The
petitioner alleges that forbidding the jurors to compare notes
impeded the defendants right to a fair and impartial trial, and
improperly interfered with the deliberations process. This error
is compounded by the fact that a trial <u>judge made a gross</u>
misstatement of law. This is a <u>structural error.</u>

The appellate courts decision further meets the requirements
of the AEDPA standards, where the adjudication involved an
unreasonable application of federal law, as well as resulted in
a decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court
proceedings.

Where the appellate court completely misconstrued the issue
before it. By ignoring the complete misinterpretation of the law
by the trial court. The trial court stated;

>"No one else will be allowed to look at your notes at
>any time...your notes are for your your use only and
>not for any other jurors notes. Do not show them to
>anyone that includes other jurors and includes the
>time when you are deliberating on your verdict"TR.R4-5.

The appellate court held that the courts statements to the
jury have conformed to the IPI and the statue appl.ct.dec. page
The U.S. system of Justice does not encourage interference with
the deliberation process, indeed that is error, Parker v Gladden
385 U.S. 363.

The error here is of such magnitude that the defendant was
denied a fair trial, by reason of the trial courts interference
with the jury's deliberation process & is plain error and
violates the 6th amend. of the U.S. constitution.

(C) Ground three _____ see attached 6(a)-(c ) _____
Supporting facts:

The petitioner was denied a fair trial by the prejudicial impact of

multiple trial errors(i) State sought to arouse sympathy by comments on

decedants family(ii)Petitioner was denied a fair trial by reason of

improper testimony elicited from Officer Loquercio(iii)Defendant was

denied a fair trial when the State introduced evidence that the

defendant was previously arrested(iv)improper personal opinions of the

police invaded the province of the jury,and deprived defendant due process *

(D) Ground four _____ see attached 6(d )-( e) _____
Supporting facts:

Whether defendants sentence is excessive and was imposed on the

basis of improper considerations,such that the sentence should be

vacated and a new sentencing hearing ordered,or in the alternative,the

~~sentence reduced in violation of the 5th &~~ 14th amendment of the U.S.C.,

_____

_____

_____

2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
    YES ( )   NO (X )

3.  If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

_____

_____

*the right to confront & a fair trial.(v)Further improper personal
opionions of the police deprived the defendant a fair trial(vi)The
cumulative impact of the numerous instances of prejudicial errors
requires a new trial,in violation of the 5th,6th & 14th amendments
U.S.C

                              CLAIM 5, p.6(f)-6(g)
                              CLAIM 6, p.6(h)-6(k)
                              CLAIM 7, p.6(1)-6(n)
                              CLAIM 8, p.6(o)-6(p)
                              CL...

attached 6(a)    Claim 3

In the instant case,the adjudication of this claim resulted in
a decision that was contrary to,and involved an unreasonable application
of clearly established federal law,as determined by the U.S.
Supreme court,and resulted in a decision that was based on an
unreasonable determination of the facts in light of the evidence
presented in State court proceedings.

De novo review is warranted in this mixed question of law and
fact. And the respondants are not entitled to a presumption of
correctness from the State court and the petitioner rebuts the
State courts presumption of correctness where as it is obvious from
the record that the cumulative impact of the errors deprived the
defendant a fair trial.

The State court held that the issues are waived. The petitioner
rebuts this fingding with clear and convincing evidence where as
the appellate counsel raised these claims under the umbrella of
ineffective assistance of trial counsel,where trial counsel failed
to object to these issues.

The petitioner further rebuts the State courts presumption of
correctness where the appellate court held that these errors
could not be reviewed on direct appeal under the plain error
doctrine,where counsel on direct appeal raised the claim under
the plain error doctrine S.ct.615(a).

And contrary to the appellate courts contention,the evidence
is closely balanc d as pointed out by counsel on direct appeal.
Some eye-witnesses to the crime,did and did not identify the defendant,
TR.R-78 132,169,170 TR.R 109 274-293,373. The defendant was
identified 5 weeks after the crime,via a photograph,TR.R207-09.
No physical eavidence linked the defendant to the crime. The
defendant testified denying the crime,and presented the testimony
from alibi witnesses,TR.R390-439,294-315,321-341.

The State's ruling does not rest on independant and adequate
State grounds,where as if a claim that was not objected to on
trial,is raised on direct under the umbrella of ineffective
assistance of trial counsel for failing to properly preserve it,
then that claim is properly presented befoe the appellate court.

Secondly,and more importantly,the facts of this claim do not

present an overwhelming evidence of guilt. The evidence was closely balanced.

The adjudication of this claim resulted in a decision that was contrary to and involved an unreasonable application of federal law as established by the U.S. Supreme court.

The petitioner alleges that;

(I) The State's comments and questions to the decedants father were designed to arouse sympathy upon the decedants family, where the State asked whether the decedant has any children to which he replied...Not at the present'TR.19. The prosecutor already knew the answer,yet this was placed before the jury although it was irrelevant. When the State elicits testimony purely arouse sympathy,passions, or anger.

(II) The defendant was denied a fair trial by reason of improper testimony elicited from Officer Loquercio. The State brought out through the testimony of the officer that an unknown citizen gave him the nickname of the person that did the shooting,which he then gave to the detectives TR.190-91. This testimony was hearsay,denying the petitioner his rights under the confrontation clause. The prejudicial affect of this testimony is great,leaving the jury free to wildly speculate as to how the unknown person indeed came to know just who it was,that did the shooting,TR.191. The law is clear,if testimony is offered,or admissable for the purpose of showing the investigative procedure of the police,the substance of the conversation may not be testified to. The putative investigative procedure testimony that conveys to the jury,an accusation by an out of court declarant that the defendant is the offender, violates defendants right to confrontation and due process, 6th & 14th amend's U.S.C. The Sua Sponte limiting instruction could not cure this error,TR.199-200. It is the prosecutors duty to consult with it witnesses,especially professional witnesses,such as the police to ensure the witness doesn't volunteer prejudicial information.

(III) Defendant was denied a fair trial when the State introduced evidence that the defendant was previously arrested. The prosecutor committed further misconduct when detective Navarette testified that officer Loquercio gave to him the previously mentioned nickname"MENACE" and "we entered that nickname into the computer to see if anybody had ever been arrested using that nickname and when we did that,we came up with an individual",TR.205. which further denied the defendant of a fair trial by putting before the jury evidence of prior arrest.

(IV) It was a denial of due process where improper personal opinions of the police invaded the province of the jury, where the State elicited from the jury via detective Navarrette that after she previously received the discussed nickname from Officer Loquercio,Navarrette put

that information into the computer & the computer gave him
information that led him to opine that the defendant fit
the physical description and geographical locale of this
crime(TR.205-206). The State via leading questions injected
these opinions into the trialmleading the jury to believe
that he believed that the defendant committed the crime. The
error was further compounded by the fact that a proper
foundation was not laced for the admissibility of computer
information and denied the defendant his right under the
confrontation clause,it was clearly inadmissable hearsay.
This error was further compounded by the State's use of it
during closing arguments,TR.463. The petitioner further
alleges that the cumulative affect of these errors in this
issue violated the petitioner a fair trial trial & due
process

attached 6(d)          CLAIM4

The petitioner contends that this claim was properly perserved
in the circuit court and raised on direct appeal. The petitioner
avers that the adjudication of this claim resulted in a decision
that was contrary to,and involved in an unreasonable application
of federal laws as established by the U.S. Supreme court.

The State court ruling is not entitled to a presumption of
correctness,where the appellate court hael that the circuit court
properly weighed the evidence presented in aggravation and
mitigation.

It is obvious from the 50 year sentence that the circuit court
failed to take into consideration the petitioners rehabilitative
potential,where as he was 17 years old at the time of his arrest,
TR.C.163,yet the petitioner was sentenced to 50 years in prison,
TR.C.211.

The sentence does not take into consideration the petitioners
potential for rehabilitation. The Illinois State Constitution
mandates that all penalties be imposed so as to restore the
offender to useful citizenship. Ill.Const.Aft.I section  11.

The petitioner was in high school receiving A's & B's for
grades and making arrangements to be enrolled in the U.S. Navy
after high school,TR.Supp.16. Further evidence in mitigation showed
that the petitioner was subject to a child protection case in
juvenile court,TR.Supp.17. He was raised without a father. His
mother was an alcoholic and accused of abandoning the defendant.

The petitioner was placed in various foster homes between the
age of 6-12 and was sent to a psychiatrist at the age 10. It
should be noted that he had a history of employment,TR.Supp.18
While in jail the petitioner completed courses and obtained his
Bible Study certificate. It should be noted that at allocation
the defendant maintained his innocence,the petitioner recited
certain bible quotes,TR.Supp.20-21)

The trial court was highly critical.The trial court accused
the defendant of spouting religious mantra,TR.Supp.30, and
improperly during sentencing stated that the defendant was able
to memorize religious mantra and the trial court found little

6(e)

genuine sincerity and stated that there was nothing in defendants
"back ground" to reflect that defendant was particularly
religious or had found God,TR.Supp.31.. The trial court further
remarked that it was is probable something that occurred while
you've been in custody,TR.Supp.31.

These remarks by the trial court demonstrate a blatant hostility
towards the defendant. The petitioner was discriminated against
on the basis of his religious beliefs.

The adjudication of this claim resulted in a decision that was
contrary to and involved an unreasonable application of federal
law as established by the U.S. Supreme court.

Where as the 1st Amendment erects a wall of seperation between
church and State,People of the State of Il.ex.rel. McCallom v
Board of Education school dist.71 Champaign Co. and the Sentence
violated due process 14th amend U.S.C.

claim 5 - 6(f)

THE PETITIONER WAS DENIED HIS FEDERALLY PROTECTEDS
RIGHT UNDER THE 4th AMENDMENT OF THE U.S.C,WHERE
HE WAS NOT PROMPTLY TAKEN BEFORE A MAGISTRATE BEFORE
THE PASSAGE OF 48 HOURS.

In the instant case,the petitioner originally raised this claim
in his post conviction petition. This claim was raised under the
umbrella of ineffective assistance of trial counsel and ineffective
assistance of appellate counsel.

The petitioner avers that the adjudication of this claim resulted
in a decision that was contrary to,and involved an unreasonable
application of federal law as established by the U.S. Supreme
court.

The petitioner rebuts the State courts presumption of
correctness with clear and convincing evidence. Primarily the
circuit court held that in regards to the 48 hour violation,the
petition did set forth the gist of a constitutional claim.
Normally because in his pro se petition he was unable to give the
exact length of his detention before receiving a probable cause
hearing,(circuit court P.C. dismissal order,page 6).

The petitioner rebuts this finding with clear and convincing,
where as his petition sufficiently set forth the gist of a
constitutional claim as the Illinois courts have repeatedly held
that the gist standard is a low threshold and the petitioner need
only to set forth a limited amout of detail.

The post conviction petition filed by the petitioner did set
forth and met this requirement. The State court decision does not
rest on independant and adequate State grounds. De novo review is
warranted on this mixed question of law and fact.

The petitioner avers that the adjudication of this claim
resulted in a decision that was contrary to,and involved in an
unreasonable application of Federal law as established by the U.S
Supreme court.

The petitioner was arrested on 7-30-99 at Chicago's 25th
district police station at approximately 5:30pm. As stated on page
4 of his post conviction,he was placed in a line up,repeatedly
interrogated,given a polygraph examination 52 1/2 hours later on
8-1-99 he was put in a 2nd line up. On 8-2-99 he was interrogated
again,this time by ASA Robin Mitchell.,he was re-interrogated

6(g)

again on 8-2-99 at 7:30am by ASA Sharon Canter.

This is 3-days after his arrest and it is unrebutted by the record. These facts came out during the hearing on the motion to quash arrest on 6-18-01. Yet,the State court over looked these facts and instead,seized upon one lin in the petition on page 5 of the petition.

While the petitioner is not sure of the exact dates. Judicial probable cause was not made within 48 hours. The trial court erred and manifestly abused its discretion by dismissing this issue, stating that the petitioner failed to make a gist of a constitutional claim.. The petitioner avers that the State could not present any intervening circumstances to justify a prolonged detention.

The prejudice suffered by the petitioner,aside from the illegal arrest 4th amendment violation was the admission of the petitioners statement for impeachment purposes,TR.443.

A purported statement that he tols Detective Navarette that he did not know where he was on 6-19-99,but that it was possible that he was with a frien named Michael Lopez. According to Detective Navarette,the petitioner stated that he was frequently out until 1:00am and probably went home around 2:00 opening his back door with a knife,TR.444.

Navarette testified that the petitioner did not mention the Puerto Rican day parade,the carnival,McKee,Kupiskewski,Tabitha or Vaughn,TR.444.

The prejudice was substantial because he testified that he did not tell the police his whereabouts on that night because he did not remember that date(which was 6 weeks prior to the questioning), but later remembered it was the night of the Puerto Rican festival,TR.411-412, and Defendant denied that he told detective Navarette that he was with Michael Lopez or returned home around 1am,TR.434.

The petitioner was substantially prejudiced by the admission of this prior inconsistent statement,which were obtained as a result of the 48 hour violation,in violation of the 4th and 5th amendment of the U.S. Constitution.

claim 6 ---- 6(h)

THE TRIAL COURT ERRED WHEN IT PROHIBITED COUNSEL
FROM ARGUING EVIDENCE IN CROSS EXAMINATION OF A
WITNESS IN VIOLATION OF 5th and 14th AMEND.U.S.C.

As per the Anti Terrorism Effective Death Penalty Act,the
petitioner alleges that the adjudication of this claim resulted
in a decision that was contrary to or involved an unreasonable
application of federal law as established by the U.S. Supreme
court.

The petitioner further asserts that this claim was originally
raised in a post trial motion for a new trial. However,because
this issue was not raised in the direct appeal,the petitioner
raised this issue in his post conviction petition under the
umbrella of ineffective assistance of appellate counsel,where as
his claim was not DE-HORS,but ripe for consideration on direct
appeal9It should be noted that attorney Dennis Doherty represented
the petitioner on direct appeal as well as his post trial motion
for new trial).

The petitioner further rebuts the State court presumption of
correctness with clear and convincing evidence where the circuit
court in dismissing the post conviction erroneously,held in its
written order that in the restriction of the defense closing
arguments the petitioner cannot show prejudice because the stricken
argument would not have changed the outcome of the trial...

The circuit court further held that the case was not closely
balanced(p.8 of dismissal order). The appellate court held that
appellate counsel cannot be deemed ineffective for failing to
raise something that was not an error in the first place(p.12
appl.ct. order).

The petitioner rebuts this notion and presumption ofcorrectness
of State court where as the petitioner was attempting to show
another individual had committed the crime. This individual had a
green dragon tattoo on his far left shoulder according to the
testimony of detective Troche,who got this fact from an occurrence/
eye witness,Clarence Dugar,TR.53.,yet,the petitioner has no such
tattoo.

During closing arguments the defense was restricted by the

court from arguing that the shooter had such tattoo. This fact
flies in the face of the State court rationale,that the evidence
was overwhelming,where an eye-witness who clearly saw the shooter
and established that the petitioner was not the perpatrator of
the crime. This is clear and convincing evidence to rebut the
State's presumption of correctness.

When returning to the AEDPA standards,the petitioner alleges
that the adjudication of this crime resulted in a decision that
was contrary to federal law as established by the U.S. Supreme
court, namely, Chambers v Mississippi                ,which imparts
the wisdom of the Supreme court that the petitioner has a
fundamental right to put forth evidence that another person
committed the crime.

The petitioner avers that the trial court erred and manifestly
abused its discretion by restricting the defense closing arguments,
regarding Detective Troche's testimony. The defense attempted
to argue;

> "One other point I wanted to bring up was a part of the
> investigation,we heard about although there was resistance
> to this evidence, the dragon tattoo...
> Ms.Gambino: Objection
> Court: Sustained
> Ms.Ceasar: That was part of the investigation.
> Court: Sustained
> Ms.Ceasar: If Matt had a green winged dragon tattoo...
> Ms.Gambino: Objection.
> Court: Counsel the objection is sustained.
> Ms.Ceasar: I thought you objected to the way I started it.
>          It was apart of---.
> Court: No,the objection is sustained.
> Ms.Ceasar: Thank you,your Honor.

TR. 514-515

The petitioner avers that the trial courts restriction in the
closing arguments was prejudicial to the defendant,where it
hampered defense from strategy and prohibited trial counsel from
making the jury aware of the multiple descriptions of the
shooter,by the testimony of the detective Troche.

The petitioner further alleges the prejudice suffered was to
make the jury believe that defense argument that the shooter had
a green tattoo of a dragon,which was not the truth or based upon
the evidence.

6(j)

It should be noted that the trial court also erroneously limited defense counsels attempts to cross examine Detective Troche. Who testified that he had took Clarence Dugan,the initial suspect to area 5 police station after he was detained by an officer. Troche released Dugan because he did not fit the description of the offenders and Dugars story completely was open and honest.

Troche further testified that Dugar gave a description of the offender having a green dragon tattoo. The petitioner further avers that because   Detective Troche deemed Dugar as "HONEST"(TR.42), this was all the more reason for the fact the Dugar's description of the shooter shouls have been admitted. This was a crucial fact that was over-looked in the adjudication of this claim in the State court.

It shouls also be noted that eye-witness Danny Edmonds reported seeing a man with a tattoo at the scene yelling at another member of the group,TR.65,175. This also bolsters Dugars description and makes it all the more relavant.

The petitioner further avers that the State court decision is not entitled to a presumption of correctness,where it held that the evidence was overwhelming.

The circuit court in its written order actually mistated the evidence by stating;

> "There was no prejudice in light of numerous eye witness
> identifications and other evidence produced against the
> defendant at trial".

This satifies the Antiterrorism Effective Death Penalty Act standard of review,where the adjudication of this claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings...

Where there was no other evidence against the petitioner at trial. No fingerprint evidence. No confession. No DNA. No co-defendant. No gunshot residue. No clothes matching the description of the shooter. No video surveilance tapes,etc...

Then there is the fact that out of the 9 people present, 3 said the petitioner committed the crime. These witnesses descriptions contradicted other descriptions or did not match how the defendant looked in June of 1999.

Danny Edmonds testified that the shooter had bad acne and a goatee that connected to his sideburns. Jose Portillo testified that the shooter did not have bad acne and did not have that sort of facial hair as described by Edmonds,TR.86,280-281. Bruce Colasuono described the shooter as being 20-25 years old, 6feet tall,weighing 160lbs.. Anthony Lombardo said that the shooter was 19-20 years old, 5'10" tall, weighing 165-170lbs,TR.177-78,318.

The fact was that the defendant was 17 years old, 5'7" and 140lbs at the time of his arrest.

The petitioner prays that this Honorable court grant De Novo review on this mixed question of law and fact,where he was denied his rights under the 5th & 14th Amendment of the U.S. Const.

CLAIM 7

THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF
COUNSEL WHERE TRIAL COUNSEL FAILED TO RECOGNIZE &
BRIEF THE PETITIONER 48 HOUR VIOLATION,IN VIOLATION
OF THE 6th & 4th AMENDMENT OF THE U.S. CONSTITUTION.

The petitioner avers that this error was originally presented
in his post conviction petition. The dismissal of his petition
does not rest on independant and adequate State grouds where claims
of ineffective assistance of trial counsel claims don't appear
on the record or where the waiver rule should be relaxed for the
fundamental sake of fairness.

The petitioner further avers that the State court is not
entitled to a presumption of correctness and rebuts the State
courts presumption of correctness with clear and convincing
evidence where the circuit court held that trial counsel performance
did not constitute  ineffectiveness for failing to raise a 4th
amendment claim(p.7 of post conviction dismissal order)

The petitioner rebuts this finding with clear and convincing
evidence of the fact that the circuit courts only rationale for
determining that the 4th amendment claim did not state a gist of
a constitutional claim was because it is unclear from the petition
whether detention violated the Gerstein rule and the failure to
provide a probable cause hearing is only part of the voluntary
analysis,and therefore this court cannot find this sets forth
the gist of a constitutional claim'(p.6 of circuit court written
order).

Therefore the rationale espoused by the circuit court that
the underlying claims were non-meritorious is contradictory.

The petitioner further alleges as per the Antiterrorism
Effective Death Penalty Act, that the adjudication of this claim
in State court proceedings resulted in a decision that was
contrary to or involved an unreasonable application of federal
law as established by the U.S. Supreme court, namely Morrison v
Kimmelson              ,stands for the proposition that
failure to file a motion to quash based upon the 4th amend.
violation can constitute ineffective assistance of trial counsel.

The petitioner alleges that his post conviction petition made
a gist of a constitutional claim and a showing of a substantial

6(m)

constitutional deprivation,where trial counsel failed to object to, and preserve the issues included in the instant Habeas Corpus petition.

The petitioner alleges that he was denied his federally protected rights under the 6th amendment of the U.S.C. when trial counsels performance fell below an objective standard of reasonableness. For a petitioner to demonstrate that he received ineffective assistance of counsel he must utilize the cause and prejudice standard of review set forth by the Supreme court in Strickland v Washington 466 U.S. 668.

It should be noted that the aspects of this claim that were not De Hors are being raised under the umbrella of ineffective assistance of appellate counsel.

In the instant case, the petitioner was denied effective assistance counsel where trial counsel failed to present the 48 hour violation to the circuit court. Where counsel failed to object to and preserve in a motion for new trial that the Judge erroneously instructing the jury not to show their notes to other jurors during deliberations.

The cumulative impact of the multiple trial errors. The error of failing to object to these errors and preserve them in a motion for new trial shows that counsels performance fell below an objective standard of reasonableness .

Counsels conduct substantially prejudiced the petitioner and there is no strategic merit for failing to object to trial errors or present issues in pre-trial proceedings. The failure to object to and preserve issues at the trial level was a failure to submitt the State's case to a sound judicial adversarial testing,thereby rendering the trial proceedings presumptively unreliable.

The prejudice prong of the Strickland test is satisfied where if not but for counsels failure to present 48 hour/Gerstein/ Willis violation in the circuit court,there is a reasonable probability that the circuit court would have honored the letter of the law and found that the 3 days that had elapsed before the petitioner received a probable cause determination was,indeed a violation of the petitioners 4th amendment right and released

him,or at the very least would have found that his statement(which was not a confession but was inconsistent with his trial testimony) would have been surpressed as per People v Willis

The petitioner further avers that the failure to object to and preserve these issues herein,there is a reasonable probability the outcome of the trial proceedings would have been different.

Therefore,the petitioner prays that this Honorable court grant relief to this obvious violation of his 6th amendment right to effective assistance of trial counsel.

CLAIM 8

THE PETITIONER WAS DENIED HIS 6th & 14th AMENDMENT RIGHTS
OF THE U.S. CONST.,WHEN HE RECEIVED INEFFECTIVE ASSISTANCE
OF APPELLATE COUNSEL ON DIRECT APPEAL WHERE COUNSEL FAILED
TO RAISE TRIAL COUNSEL'S INEFFECTIVENESS.


In the instant case,the petitioner was denied the effective
assistance of appellate counsel on direct appeal. The petitioner
avers that this claim was originally raised on his post conviction
petition.

The adjudication of this claim resulted in a decision that was
contrary to or involved an unreasonable application of federal
law as established by the U.S. Supreme court.

Evitts v Lucey 469 U.S. 387 guarantees that counsel on direct
appeal provides a defendant with the effective assistance of
counsel. The petitioner avers that his direct appeal was not
adjudicated in accordance with the due process clause of the 14th
amendment U.S.C..

The petitioner avers that the State court's dismissal of the
post conviction petition and subsewuent affirmance of the dismissal
does not rest on independant and adequate State grounds where
waiver or res judicata stem from appellate counsels failure to
raise an issue on direct appeal,People v Davis

The petitioner rebuts the State courts presumption of correctness
with clear and convincing evidence,where the circuit court held
that the underlying issues are non-meritorious, yet,the 14th
amendment claim was never adjudicated on its merit by the circuit
court or appellate court.

The petitioner further avers in order for a petitioner to
demonstrate constitutionally inadequate performance,the petitioner
must utilize the cause and prejudice test set forth in
Strickland v Washington 466 U.S. 668.

The petitioner alleges that appellate counsel ommitted obvious
and significant
issues while pursuing issues that were clearly & significantly
weaker,by failing to raise the 48 hour violation,the trial
counsels ineffectiveness and the circuit courts improper
restrictions on trial counsels closing arguments,constituted

ineffectiveness where these issues were significantlly weaker
than what appellate counsel raised and briefed.

Counsel was not functioning as counsel guaranteed by the
6th & 14th amend U.S.C. and counsels performance fell below an
objective standard of reasonableness where his assessment of the
record was patently errorneous,Pennsylvania v Finley

The petitioner further alleges that the prejudice prong is
satified where as there is a reasonable probability that  the
outcome of the the direct appeal would have been different had
appellate counsel raised the issues,which are obvious from the
record. Failure to raise these issues on direct appeal subjected
them to waiver.

The petitioner avers that he was denied effective assistance
of appellate counsel in violation of the 6th & 14th Amend.U.S.C..

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing ___Pamela Wolf___

(B) At arraignment and plea ___Pamela Wolf___

(C) At trial ___Pamela Wolf___

(D) At sentencing ___Pamela Wolf/Dennis Doherty___

(E) On appeal ___Dennis Doherty 222 N. Lasalle st. ste.200 Chicago Il.___

(F) In any post-conviction proceeding ___Pro se/On appeal of dismissal John Kreiger___

(G) Other (state): _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ( X )

Name and location of the court which imposed the sentence: ___N/A___

Date and length of sentence to be served in the future ___N/A___

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____          _____
              (Date)                       Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_Matthew Salowaskio_
(Signature of petitioner)
_R12180_
(I.D. Number)
_P.O. BOX-112 Joliet Il 60434_
(Address)

REVISED 01/01/2001

7

STATE OF ILLINOIS )
                     )
                     ) SS
                     )
COUNTY OF WILL    )

## AFFIDAVIT

I, Matthew Echevarria being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

(1( In The attached Habeas Petition I made reference to a Successive Post Conviction Pending in State court.

(2) In The attached motion I asked that the Habeas Corpus Petition be stayed and held in abeyance until the other claims are resolved in State court.

(3) The Petitioner would like to clarify that I had anticipated filing the 2ND P.C in state count prior to filing this Habeas Corpus Petition.

(4) However due to the fact that the Private investigator hired by my family has yet to find a critical witness that is crucial to his claim of actual innocence there fore the 2ND P.C has <u>not</u> been filed yet.

(5) But due to time constraints this Petition must be filed now and the Petitioner prays that these comments in the petition not be determined as misleading where as the successive P.C will be filed as soon as this witness is located. At which time the Petitioner will renew his request to hold the Habeas Petition in abeyance.

Respectfully Submitted   # e12180

_____
AFFIANT      3/20/08

SUBSCRIBED AND SWORN TO BEFORE ME
THIS____DAY_____,@)2008

IN THE CIRCUIT COURT
OF COOK COUNTY

Matthew Echevarria          )
          Plaintiff         )
                            )
                            )     Case No. 99-CR-16985
VS                          )
                            )
                            )
Thomas McCann,Warden,       )
          Defendant         )

PROOF/CERTIFICATE OF SERVICE

TO: Circuit clerk                TO: State's Attorney
    2650 s. California               300 Daley Plaza
    Chicago, Il.60608                Chicago, Il.60602

Please take notice that on  03-20-    ,20 08 ,I have placed
the documents listed below in the institutional mail at
Stateville C.C., properly addressed to the parties listed above
for mailing through the U.S. mail.
Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS  5/109, I
declare under penalty of perjury that I am the named party in
this action and that the facts contained herein are true and
correct to the best of my knowledge.

                          (s) Matthew Echevarria
                              Matthew Echevarria
                              R-12180
                              Po Box 112
                              Joliet Il.60434

SUBSCRIBED AND SWORN BEFORE ME
THIS 20TH DAY OF MARCH    2008.

NOTARY PUBLIC

OFFICIAL SEAL
SHERWIN K. MILES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-20-2008