IN THE UNITED STATES
DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

FILED MHN
MAR 2 5 2008 aew
3-25-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Matthew Echevarria | ) | HABEAS CORPUS PETITION |
| | ) | |
| VS | ) | No. |
| | ) | Circuit court indictment No.99-CR-19685 |
| | ) | |
| Warden Thomas McCann | ) | Presiding Judge, |
| | ) | |

MOTION TO HOLD &
STAY IN ABEYANCE

NOW COMES THE PETITIONER, MATTHEW ECHEVARRIA PRO SE RESPECTFULLY REQUESTING THIS HONORABLE COURT TO STAY AND HOLD IN ABEYANCE THE INSTANT PROCEEDINGS UNTIL THE PETITIONERS SECOND(2) POST CONVICTION PETITION/SUCCESSIVE POST CONVICTION PETITION IS RESOLVED IN STATE COURT PROCEEDINGS.

IN SUPPORT OF THIS MOTION THE PETITIONER AVERS TO THE FOLLOWING;

**08CV1730
JUDGE GOTTSCHALL
MAG.JUDGE ASHMAN**

Matthew Echevarria
#R12180
P.O.Box-112
Joliet, Il 60434

1) The petitioner has had the oppurtunity to have a skilled paralegal to review his issues and the petitioner now understands that his Habeas Corpus is a mixed petition as defined by Rhines v Weber 124 S.ct. 1528 (2005).

2) In addition to his Habeas Corpus petition being mixed where as some issues were not properly exhausted in State courts, but a review of his transcripts by a skilled paralegal revealed that there were several other significant and obvious issues in the record which were never raised in State courtg proceedings.

3) In addition to the petitioner filing a successive post conviction with the unexhausted claims, the petitioner is working to obtain new evidence which will definately establish actual innocence.

4) This evidence of actual innocence is based on an eye witness account who saw the perpatrator under optimal conditions and gave the police a full description.

5) This witness further was shown a picture of the petitioner by the police and he told the detectives that the petitioner was not the perpatrator of this crime.

6) The petitioner fully understands that he will only receive one chance to litigate his issues in federal court, therefore it is imperative that his claims be presented fully exhausted as well as properly raised.

7) The petitioner also realizes that he cannot be late with his Habeas petition and therefore filed it before the April, 01 -08 deadline.

Therefore the petitioner respectfully request that this — Honorable court to stay and hold these proceedings in abeyance until his successive post conviction petition is fully and properly exhausted in the State courts.

Respectfully Submitted
x [signature]

ISSUES PRESENTLY PENDING IN STATE COURT
SUCCESSIVE POST CONVICTION PETITION

I.
INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
ON DIRECT APPEAL

II.
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

III.
THE PETITIONER WAS DENIED HIS FEDERALLY PROTECTED
RIGHTS UNDER THE 4th & 14th AMENDMENTS OF THE U.S.C WHEN HE
WAS ARRESTED WITHOUT A WARRANT AND WITHOUT PROBABLE CAUSE.

IV.
THE PETITIONER WAS DENIED HIS FEDERALLY PROTECTED RIGHTS
UNDER THE 5th & 14th AMENDMENTS OF THE U.S.C WHEN THE TRIAL COURT
ERRED AND MANIFESTLY ABUSED ITS DISCRETION
WHEN IT DENIED THE PETITIONERS MOTION TO SUPPRESS THE UNDULY
SUGGESTVE LINE UP IDENTIFICATION AND THE DEFENDANTS
DESCRIPTION DID NOT MATCH THE SUSPECTS DESCRIPTION.

V.

THE PETITIONER WAS DENIED HIS FEDERALLY PROTECTED RIGHTS
UNDER THE 5th & 14th AMENDMENTS OF THE U.S.C., WHEN THE
TRIAL COURT ERRED AND MANIFESTLY ABUSED ITS
DISCRETION BY DENYING THE
PETITIONERS MOTION TO SUPPRESS STATEMENT.

VI.
THE PETITIONER WAS DENIED HIS FEDERALLY PROTECTED RIGHTS
UNDER THE 14th AMENDMENT OF THE U.S.C. WHEN HE WAS CONVICTED
ON INSUFFICIENT EVIDENCE AND THE STATE FAILED
TO PROVE GUILT BEYOND A REASONABLE DOUBT.

VII.
THE PETITIONER WAS DENIED HIS FEDERALLY PROTECTED RIGHTS UNDER
THE 5th, 6th, & 14th AMENDMENT OF THE U.S.C. WHEN HE
WAS DENIED HIS REQUEST FOR AN ATTORNEY AT
CRITICAL STAGE OF THE PROCEEDINGS WHEN
HE WAS PLACED IN AN UNDULY SUGGESTIVE LINE UP.

VIII.
THE PETITIONER WAS DENIED HIS FEDERALLY PROTECTED RIGHT TO
DUE PROCESS OF LAW UNDER THE 14th AMENDMENT OF THE U.S.C
DUE TO THE CUMULATIVE AFFECT
OF PROSECUTORIAL MISCONDUCT.